UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17cv174-FDW

| | |
|---|---|
| MAURICE L. STROUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK HOOKS,[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Maurice L. Stroud's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis. (Doc. No. 2.)

**I.     BACKGROUND**

On September 16, 2004, Petitioner pled guilty in Mecklenburg County Superior Court to second degree murder, second degree kidnapping, and robbery with a dangerous weapon. (Pet. 1, Doc. No. 1.) He was sentenced pursuant to a plea agreement to consecutive sentences of 251-311 months for second degree murder, 133-169 months for second degree kidnapping, and 117-150 months for robbery with a dangerous weapon.[2]

Petitioner did not file a direct appeal. On February 5, 2007, he filed a Motion for

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Erik Hooks, Secretary of the Department of Public Safety, has been substituted for "State of North Carolina" as Respondent in this action.

[2] Unless otherwise indicated, the factual and procedural history recited herein is taken from the State's Response to Petitioner's July 14, 2015 Petition for Writ of Certiorari in the North Carolina Court of Appeals, see State v. Stroud, No. P15-387 (N.C. Ct. App. filed July 27, 2015), available at the North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://ncappellatecourts.org/.

1

Appropriate Relief ("MAR") in the Mecklenburg County Superior Court. It was denied on May 24, 2007.

On August 20, 2008, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR. It was denied on August 29, 2008. On May 19, 2015, Petitioner filed another petition for writ of certiorari in the North Carolina Court of Appeals, which was dismissed on May 28, 2015. On July 14, 2015, Petitioner filed a third certiorari petition with the North Carolina Court of Appeals. Petitioner indicates this certiorari petition also was denied, but he does not provide the date on which it was denied.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on December 11, 2015. Stroud v. Albermarle Correctional, 3:15-cv-00608-FDW (W.D.N.C.), Doc, No. 1. It was dismissed as untimely on August 25, 2016. Id. at Doc. No. 6. His appeal was dismissed by the Fourth Circuit Court of Appeals for failure to prosecute. Id. at Doc. No. 11.

On September 19, 2016, Petitioner filed a second § 2254 habeas Petition in this Court. Stroud v. Clelland, 3:16-cv-00677-FDW (W.D.N.C.), Doc. No. 1. When Petitioner failed, after two deficiency notices, to pay the $5.00 filing fee or file a motion to proceed in forma pauperis, the Court dismissed the Petition without prejudice. Id. at Doc. No. 3. Petitioner's appeal of that matter is pending in the Fourth Circuit.

On March 30, 2017, the Clerk of Court's Office received the instant § 2254 habeas Petition.[3] (Doc. No. 1.) As in his previous habeas petitions, Petitioner challenges his September

---

[3] The Petition bears a statement, signed under penalty of perjury, that Petitioner placed the Petition in the prison mail system on January 28, 2017. (Pet. 14, Doc. No. 1.) One of the Petition's attachments, however, bears a U.S. District Court file stamp dated March 10, 2017. (Pet. 18.)

2

16, 2004 judgments.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

On March 13, 2017, Petitioner filed a motion in the Fourth Circuit Court of Appeals for authorization to file a successive application for post-conviction relief. In re: Maurice L. Stroud, No. 17-167 (4th Cir.), Doc. No. 1. The motion was denied on April 4, 2017. (4th Cir. Order Den. Mot., Doc. No. 4.)

Because the Fourth Circuit has denied Petitioner permission to file a successive § 2254 petition, this Court does not have jurisdiction to consider the instant habeas Petition. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Accordingly, the Petition must be dismissed.

Petitioner's Motion to Proceed In Forma Pauperis shall be granted. Federal law requires that a petitioner seeking habeas review of his state judgment in federal district court pay a filing fee in the amount of $5.00 or obtain leave from the Court to proceed without prepayment of fees and costs. A Certificate of Trust Balance, dated March 22, 2017, and signed by an authorized official at Petitioner's place of incarceration, states that Petitioner had no funds in his inmate trust account at that time. (IFP Aff. 2, Doc. No. 2.) Additionally, Petitioner's prison trust fund account statement shows that he has substantial debt due to the numerous actions he has filed in the federal courts. (Doc. No. 3.) Based upon the foregoing, the Court finds that Petitioner had insufficient funds to pay the $5.00 filing fee.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as an unauthorized, successive § 2254 petition;

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**;

3. The Clerk of Court shall substitute Erik Hooks for "State of North Carolina" as Respondent in this action; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: April 10, 2017

Frank D. Whitney
Chief United States District Judge